### WOOLSEY WAPLES v. NATHANIEL WAPLES and EDWARD HALL, Executors of Burton Waples.

Court of Common Pleas. Sussex. November 22, 1798.

*Rodney's Notes.**

*Wilson* [for plaintiff]. *Ridgely, Bayard, Miller, Duff* [for defendants].

August 16, 1796. Will of Burton Waples appointing Agness W., Comfort King, and Ann Hall.

Jacob Argus. The cropper, Levin Moore, said he had one-sixth of the corn, his share was 75 or 80 bushels. Nathaniel Waples and Edward Hall and their people and hirelings carted off the five-sixths of the crop. Cart was supposed to beat out 25 bushels, was a large potato patch twelve or thirteen stacks fodder, one stack cut down before the old man's death. I bought three stacks of E. H., gave him $6.50 for it. There was near

---

* This case is also reported in *Bayard's Notebook, 234; Wilson's Red Book, 217.*

about four hundred bushels. B. W. died about September 1. The cropper, Moore, got his share after Waples and Hall gathered it some time in October. Moore sold his corn at 6/6d per bushel.

William Blizzard. I tilled part of an out field for B. W., 75 acres. My people gathered and N. W. carted, I got between one and two loads, had two-thirds. I got two stacks and Waples one. Was carted in B. Waples' cart. N. W. carted her part home. Corn was gathered in November.

Thomas Waples. C. W. and E. H.'s hands brought the corn that was raised on Woolsey Waples' land to me in October. Each had nineteen hands and two barrels full. The three executors, exclusive of Moore. Joseph Waples got me to keep King's share. The cask held about three bushels. Levin M. brought four or five bushels potatoes of his to my house. He assisted in getting fire wood, etc. Corn was not fully ripe when B. W. died. Sweet potatoes three shillings.

Eli White. When B. W. died, I lived with C. Waples. About September 12 they disputed. N. W. and W. W. about the corn fodder etc. Uncle took it all with E. H. etc.

Benjamin Prettyman. About November 7, 1796, I went with W. W. He demanded the corn fodder etc. of N. Waples that was on the land devised to Woolsey also of Edward Hall. They both refused to give it up till compelled by law. Corn cleared first in December five-sixths in Philadelphia sold for 6/1d. in Philadelphia, sold for more here, fodder sold for 17/6d. Potatoes about 2/6d.

*Ridgely.* We say the executors had a right to take the property, and W. Waples had no right to the crop but only to the land. Blizzard had a right to pay his corn to N. W., and W. W. ought to have called on Moore, he had a right to deliver it over.

Thomas Waples proved an agreement between B. W. and Levin Moore, April 2, 1796.

Thomas Bevins. The practice of constables is to levy executions on corn, wheat etc. growing.

*Wilson.* The law is if a testator makes a will and devises the land, the emblements go with the land unless disposed of by testator. Cro.Eliz. 61, the executor had no right to emblements. 2 Com.Dig. 142, if a man devise land to *A,* he shall have the emblements. Co.Litt. 55b note 2, executor shall have emblements, but it seems agreed that executor shall have the crop as against the heir.

*Ridgely.* The case in Cro.Eliz. not like the present. Comyns. Corn, etc., growing annually, emblements, but not trees planted,

grass etc. In all cases where emblements go to devisee, it must be collected from the intention of the testator. 1 Del.Laws 281 giving Orphans' Court power to order sale of land etc. The land rented or tilled by Blizzard stands on a different foundation. The rent or share could not be demanded till after the corn was ripe.

*Bayard.* No equitable circumstances to have weight. The fair question is what is the law, which I shall consider. First, what is the law in England? Secondly, how is the law in this state different from the law in England. The case of Blizzard is that of rent. Question, whether Moore was not entitled to the possession and to pay a rent as it were of one-sixth. Law in time of Henry VIII changed and altered since that time. I say when a man dies the law casts the possession in the executor or administrator, not the heir or devisee. The executors would be obliged to account for corn etc. as assets. [1] Del.Laws [292], s. 9, persons to whom lands are allotted shall give bond to refund etc. Executors are chargeable with the amount of legacies (and must take bonds and sureties) if debt should come against them.

*Wilson,* in conclusion. The gentlemen have not produced a single case to contradict the law I read. Comyns. The law is that tenant being seised, and after sows the land and dies, emblements go to executors generally, but not when devised. Agreeable to my calculation the corn at 6/, fodder at 17/6d and potatoes at 3/ amounts to £130 or near it.

CHIEF JUSTICE BASSETT. Where a man devises his land without any exception, the emblements pass with it. Winch Reports. In the case of William Rodney, in Kent devised a tract of land to his daughter L. and his granddaughter. I obtained the emblements for them from the executor as guardian. They were given up without suit. Levin Moore is to be taken as a hireling or cropper not as a tenant. From Blizzard's evidence he was tenant and he, and not the executors, are liable if anybody, though we do not say an action will lie against him in England where lands are not liable to pay debts only by being delivered over on *elegit*. The grain growing belongs to the person to whom the land is delivered. I could wish when law questions arise gentlemen would either state a case, or take a special verdict in order to give the Court an opportunity to recur to book and deliberate for themselves.

Verdict for plaintiff for £130.12.3 and bond costs etc.